# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the National Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, and 2005-3. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1348, 1441(b), and 1446, Party In Interest Wilmington Trust Company ("WTC"), not in its individual capacity, but solely in its capacity as Owner Trustee of the National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, and National Collegiate Student Loan Trust 2005-3 (the "Issuers" or "Trusts"), hereby gives notice of the removal of the above-captioned action (the "Action") from the State of Minnesota, Second Judicial District, District Court, County of Ramsey (File No. 62-TR-CV-16-5). WTC hereby removes this Action to this Court, on the following grounds:

## BACKGROUND AND NATURE OF THE ACTION

1.  On February 24, 2016, Petitioner U.S. Bank National Association ("U.S. Bank") gave notice of a Petition of U.S. Bank National Association, As Indenture Trustee, For Instructions In The Administration Of Trusts Pursuant to Minn. Stat. § 501C.0201 (the "Petition"). WTC obtained a copy of the Petition on or after February

502358.1

24, 2016.  The case was captioned in the State of Minnesota, Second Judicial District, District Court, County of Ramsey, File No. 62-TR-CV-16-5.

2. Pursuant to the terms of certain Indentures,[1] U.S. Bank is the Indenture Trustee with respect to student loan securitization transactions involving the Trusts.  (Pet. ¶1)  The Trusts issued Notes to Noteholders pursuant to the Indentures.  (Pet. ¶3)

3. The Petition alleges that VCG Securities LLC "holds all, or the majority, of the beneficial interest in each [Trust]."  (Pet. ¶2)  WTC is the Owner Trustee of each of the Trusts. (Pet. ¶¶2, 10)  Pursuant to the terms of the applicable Trust Agreements,[2] the Trusts, acting through WTC as Owner Trustee, appointed Odyssey Education Resources LLC ("Odyssey") as Servicer in connection with the servicing of student loans owned by the Trusts.  (*See* Pet. ¶2)  The appointment is embodied in a written servicing agreement (the "Odyssey Agreement").

4. The crux of the dispute raised by the Petition is that U.S. Bank refuses to recognize the Owner Trustee's appointment of Odyssey as Servicer and refuses to allow Odyssey's bills for servicing related activities to be paid from Trust assets.  (*See* Pet. ¶¶5-7)  These bills amount to $1.46 million.  (Pet. ¶33)

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed thereto in the Indentures and/or Trust Agreements (defined below).

[2] Although the Petition acknowledges that the Trust Agreements are one of the "Governing Agreements" related to the dispute (*see* Pet. ¶5 n.2), U.S. Bank failed to attached the Trust Agreements to the Petition.  Thus, the Trust Agreements (without their voluminous exhibits) are attached hereto as Exhibits E to J.  The Petition and other relevant documents are also attached hereto, as explained below.

5. In the Petition, U.S. Bank seeks, *inter alia*, entry of an order "[d]etermining whether…Odyssey was properly appointed as a Servicer…and whether the Odyssey Agreement is valid and binding," (Pet., Request for Relief, ¶ c.i.), and "[d]etermining that the Indenture Trustee should not pay, or cause the release of, any funds to Odyssey pursuant to the Odyssey Agreement…." (*Id.*, ¶ c.v.)

## GROUNDS FOR REMOVAL

### WTC Is A Party In Interest And Has Standing To Remove This Action

6. Under Minn. Stat. § 501C.0201, a person with an interest in a trust—commonly referred to as a "party in interest"— has standing to participate in the trust proceeding. *See, e.g.*, *In re Horton*, 668 N.W.2d 208, 213 (Minn. App. 2003) (an interested person is someone who has a "financial stake in … the trust" and unquestionably includes the trustee of an express trust); *Matter of Hill*, 509 N.W.2d 168, 171 (Minn. App. 1993).[3]

7. WTC is the Owner Trustee under each of the Trusts. As such, it and the owners of the Trusts that the Owner Trustee represents have a clear "financial stake" in the outcome of this Action, and thus WTC is a "party in interest."

8. A "party in interest" has standing under 28 U.S.C. § 1441 to remove to federal district court an action that was initially filed in state court under Minnesota

---

[3] "Interested person" is defined to include: "an acting trustee…, a beneficiary, … and any other person having a property or other right in or claim against the assets of the trust," and "also includes a fiduciary representing an interested person…." Minn. Stat. § 501C.0201(b).

statutes relating to trusts. *See In re Trusteeship Created by American Home Mortgage Investment Trust 2005-2*, 2014 WL 3858506 (S.D.N.Y. July 24, 2014) (action for judicial instruction in the administration of trust filed in Minnesota state court properly removed by party in interest); *In re Trusteeship Created by LNR IV, Ltd.*, CIV. 12-2789 MJD/JSM, 2013 WL 1364255 (D. Minn. Apr. 4, 2013) (Davis, C.J.) (denying motion to remand action by U.S. Bank National Association, which had filed action for judicial instruction in the administration of trusts in Minnesota state court, because the case was properly removed to federal court by a party in interest).

## Diversity Jurisdiction Exists Here

9. This Action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1348, and is one that may be removed to this Court by WTC pursuant to 28 U.S.C. § 1441(b), *et seq*.

10. *First*, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount currently due under the Odyssey Agreement as to which U.S. Bank seeks a judicial determination that it need not pay is $1.46 million. Pet. ¶2.

11. *Second*, the Action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A national banking association is a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Petitioner U.S. Bank is a national banking association with its "main office" located in Ohio. *See U.S. Bank National Association v. Polyphase Electric Co.*, No. 10-4881 (DWF/LIB), 2011 WL 3625102, at *2-*3 (D. Minn. Aug. 17, 2011) (finding U.S.

Bank is a citizen of only Ohio for diversity purposes because its articles of association state that is where its main office is; "the Court finds persuasive those cases that interpret *Wachovia* as holding that a national bank is a citizen of only the state in which its main office is located as set forth in its articles of association.").[4] Thus, for diversity jurisdiction purposes, U.S. Bank is a citizen of Ohio. *Id.*

12. WTC is incorporated in Delaware and has its principal place of business in Delaware. WTC is neither a citizen of, nor has its principal place of business in, Ohio. Thus, WTC is a citizen of Delaware for purposes of diversity of citizenship.[5]

13. Accordingly, there is complete diversity of citizenship between WTC, on the one hand, and U.S. Bank, on the other.[6]

---

[4] The Petition alleges that the "Trusts' assets are administered by and through [U.S. Bank's] St. Paul [Minnesota] corporate trust office." Pet. ¶8. While this assertion is doubtful given that a notice sent to Noteholders by U.S. Bank states that Noteholders desiring to provide instructions to U.S. Bank about the matters raised in the Petition should communicate with U.S. Bank at its *Boston, Massachusetts* office (*see* Notice [Exhibit A], at pages 2-3), even if U.S. Bank argues that it is a citizen of Minnesota for diversity jurisdiction purposes, the parties would nevertheless be diverse; WTC is not a citizen of Minnesota.

[5] Although the citizenship of VCG Securities LLC is not relevant for purposes of removal, even if it were, VCG Securities LLC is a Florida limited liability company with one member, VCG Securities Holdings, Inc., a citizen of Delaware, and thus there is still diversity of citizenship. *See One Point Solutions LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

[6] Diversity is not affected by the citizenship of putative Parties In Interest who have not appeared in this Action as of the date of this Notice of Removal. "In order to determine whether federal subject matter jurisdiction exists and removal is appropriate, a court examines the circumstances at the time that the state petition is filed and when the petition for removal is filed." *See LNR IV*, 2013 WL 1364255, at *3 (citing *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011)). In *LNR IV* — which also involved a trust instruction proceeding commenced pursuant to Minnesota statutes — Chief Judge Davis determined diversity based on the citizenship of "the only parties who appeared in the action" as of the date the notice of removal was filed. *Id.* As of
*(Cont'd)*

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

14. On or after February 24, 2016, WTC obtained copies of the following documents filed by U.S. Bank in this case before the State of Minnesota, Second Judicial District, District Court, County of Ramsey:

- Notice of Trust Instruction Court Hearing, attached as Exhibit A;

- Petition (with exhibits), attached hereto as Exhibit B; and

- Order for Hearing, attached hereto as Exhibit C.[7]

15. This Notice of Removal is filed within thirty days of the receipt by WTC of U.S. Bank's Petition. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

16. WTC will promptly serve all parties who have appeared in the Action with a true and correct copy of this Notice of Removal pursuant to 28 U.S.C. § 1446(d). Pursuant to Fed. R. Civ. P. 5(d), WTC will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

17. In accordance with 28 U.S.C. § 1446(d), WTC will promptly file with the Clerk of the District Court of the State of Minnesota, Second Judicial District, County of Ramsey, a true and correct copy of this Notice of Removal.

---

the date of this Notice of Removal, the only parties that have appeared in this action are U.S. Bank and WTC.

[7] Attached hereto as Exhibit D is the Affidavit of Mailing sworn to by U.S. Bank, which was obtained from the state court file and acknowledges that WTC is an interested party for purposes of the Petition. *See* Affidavit of Mailing ¶5 and annexed Schedule A thereto.

18.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

19.     WTC reserves all rights including but not limited to defenses and objections as to venue and personal jurisdiction, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

**WHEREFORE**, Party In Interest WTC respectfully requests that this Action be removed from the State of Minnesota, Second Judicial District, District Court, County of Ramsey, to the United States District Court for the District of Minnesota.

Dated:  March 25, 2016                       Respectfully submitted,

**LOCKRIDGE GRINDAL NAUEN P.L.L.P**


By   /s/ Robert K. Shelquist
Robert K. Shelquist, #21310X
David W. Asp, #344850
Scott A. Moriarity, #0321977
100 Washington Avenue S, Suite 2200
Minneapolis, Minnesota 55401
Tel:  (612) 339-6900

**GRANT & EISENHOFER P.A.**
Adam J. Levitt
30 North LaSalle Street, Suite 2350
Chicago, Illinois  60602
Tel:  (312) 214-0000

**GRANT & EISENHOFER P.A.**
James J. Sabella
Charles T. Caliendo
485 Lexington Ave., 29th Floor
New York, NY 10017
Tel.:  (646) 722-8500

                              **GRANT & EISENHOFER P.A.**
Michael T. Manuel
123 Justison Street
Wilmington, Delaware  19801
Tel:  (302) 622-7000

**THE DICELLO LAW FIRM**
Marc A. DiCello
7556 Mentor Avenue
Mentor, Ohio 44060
Tel.:  (440) 953-8888

*Counsel for Wilmington Trust Company, Not In Its Individual Capacity, But Solely In Its Capacity As Owner Trustee Of The Trusts*